Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

Additional Attorneys for Plaintiff on Signature Page

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHIPP, Individually, and on behalf of himself and all others similarly situated, | Civil Case Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ENHANCED RESOURCE CENTERS a/k/a ERC and JOHN DOES 1-25, | |
| Defendants. | |

**CLASS ACTION COMPLAINT**
-1-

Plaintiff, JAMES SHIPP (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through his attorneys, The Law Offices of Todd M. Friedman, against Defendant ENHANCED RESOUCE CENTERS a/k/a ERC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a nationwide class seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act

("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of California, county of Sacramento, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency that focuses on debt collection with its principal office located at 8014 Bayberry Road, Jacksonville, Florida 32256 and a mailing address of PO Box 23870, Jacksonville, Florida 32241-3870.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All California consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to COMCAST CABLE COMMUNICATIONS, LLC that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual

Class member.  These common questions of law and fact include, without limitation:

a. Whether Defendant violated various provisions of the FDCPA;

b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to January 11, 2016, an obligation was allegedly incurred to Comcast Cable Communications, LLC. ("Comcast")

15. The Comcast obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Comcast obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Comcast is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the Comcast debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. Comcast directly or through an intermediary contracted Defendant to collect the Comcast debt.

21. On or about January 11, 2016, the Defendant caused to be delivered to the Plaintiff an initial collection letter in an attempt to collect the alleged Comcast debt. *See* **Exhibit A.**

22. The Defendant's January 11, 2016 collection letter states in part the amount of the alleged debt to be $225.33.

23. Said letter further states:

    "We would like to offer you a few flexible options to satisfy our account.

    Option 2:  Pay your current balance of $225.33 in 6 monthly payments of $37.56.

24. Six (6) months of payments in the amount of $37.56 allots for additional monies which the Defendant is not entitled to.

25. Upon information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692f *et seq.***

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were

set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

28. Pursuant to 15 U.S.C. § 1692f a debt collector may not use unfair or unconscionable means to collect any debt

29. More specifically, pursuant to 15 USC f(1), a debt collector may not collect any amount unless such amount is expressly authorized by the agreement or permitted by law.

30. The Defendant violated 15 USC §1692f(1) by seeking an additional amount on the outstanding balance which they are not authorized to collect.

31. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and The Law Offices of Todd M. Friedman as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest;

and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 7, 2016                **The Law Offices of Todd M. Friedman, PC**

                                    */s/ Todd M. Friedman*

                                    Todd M. Friedman, Esq.

Ari Marcus, Esq.

(*Pro Hac Vice* Application Pending)

ari@marcuszelman.com

MARCUS & ZELMAN, LLC

1500 Allaire Avenue, Suite 101

*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

March 7, 2016                       */s/ Todd M. Friedman*

                                    Todd M. Friedman